1  SYLVIA BAIZ
   California Bar No. 124367
2  The Granger Building
   964 Fifth Avenue, Suite 214
3  San Diego, California  92101
   Telephone:  (619) 544-1410
4  Facsimile: (619) 544-1473

5  Attorney for Defendant **Vincent**

6

                    UNITED STATES DISTRICT COURT
7
                    SOUTHERN DISTRICT OF CALIFORNIA
8
                       (**HON. DANA M. SABRAW**)
9
   UNITED STATES OF AMERICA,   )    Criminal No.  08-CR-2201-DMS
10                              )
          Plaintiff,            )    Date: August 22, 2008
11                              )    Time: 10:00 a.m.
   v.                           )
12                              )
   **ROBERT VINCENT,**          )
13                              )    **1) COMPEL DISCOVERY;** AND
          Defendant.            )    **2) LEAVE TO FILE FURTHER**
14  _____)         **MOTIONS**
                                )
15
   TO:  KAREN HEWITT, UNITED STATES ATTORNEY, AND
16       JEFFREY D. MOORE, ASSISTANT UNITED STATES ATTORNEY

17       **PLEASE TAKE NOTICE** that on August 22, 2008 at 10:00 a.m., or as soon

18  thereafter as counsel may be heard, the defendant, Robert Vincent by and through his

19  counsel, Sylvia Baiz, will hereby move this Court to grant the above-entitled motions.

20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

**MOTIONS**

The defendant, Robert Vincent, by and through his attorney, Sylvia Baiz, and pursuant to Rules 12, 16, 24(a) of the Federal Rules of Criminal Procedure and Rules 404, 403, 609 of Federal Rules of Evidence any and all applicable local rules, hereby moves this Court to grant the following motions:

    1) compel discovery; and

    2) leave to file further motions

These motions are based upon the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other evidence brought before this Court before or during the hearing on this motion.

Respectfully submitted,

Dated: August 8, 2008

/s/ Sylvia Baiz
**SYLVIA BAIZ**
Attorney for Defendant **Vincent**

1  **SYLVIA BAIZ**
   California State Bar No. 124367
2  964 Fifth Avenue, Suite 214
   San Diego, California 92101
3  Telephone: (619) 544-1410
   Facsimile: (619) 544-1473
4
   Attorney for Defendant **Vincent**
5

6

7                    UNITED STATES DISTRICT COURT

8                   SOUTHERN DISTRICT OF CALIFORNIA

9                        (HON. DANA M. SABRAW)

10 | UNITED STATES OF AMERICA, ) | Criminal No. 08-CR-2201-DMS
11 | Plaintiff,                 ) |
   |                            ) | STATEMENT OF FACTS AND
12 | v.                         ) | MEMORANDUM OF POINTS AND
   |                            ) | AUTHORITIES IN SUPPORT OF
13 | **ROBERT VINCENT**,        ) | DEFENDANT'S MOTIONS
   |                            ) |
14 | Defendant.                 ) |
   |                            ) |
15

16                                  **I**.

17                         **STATEMENT OF FACTS**

18        The statement of facts and the facts discussed in the memorandum of points and

19 authorities, are strictly for the purposes of this motion and are not to be considered

20 admissions by the defendant, Robert Vincent. Mr. Vincent expressly reserves the right to

21 contradict, explain, amplify, or otherwise discuss any of the facts mentioned here at trial.

22        According to government reports, on June 21, 2008 Mr. Vincent was the driver of a

23 1994 green Volvo that was stopped at a border patrol checkpoint on the west side of I-8.

24 Agents opened the trunk of the car and found three undocumented persons inside.

25                                  **II.**

26                       **MOTION TO COMPEL DISCOVERY**

27        Mr. Vincent requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4)

28 and 16:

          (1) all written and oral statements made by Mr. Vincent. This request includes, but is

1 not limited to, any rough notes, records, reports, transcripts or other documents in which
2 statements of Mr. Vincent are contained.  It also includes the substance of any oral statements
3 which the government intends to introduce at trial.  These are all discoverable under Fed. R.
4 Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  Mr. Vincent also requests
5 any response to any Miranda warnings which may have been given to him.  See United States
6 v. McElroy, 697 F.2d 459 (2d Cir. 1982);
7     (2)  all documents, statements, agents' reports, and tangible evidence favorable to Mr.
8 Vincent on the issue of **guilt or punishment** and/or which affects the credibility of the
9 government's case. Mr. Vincent specifically requests **dispatch tapes or recordings related**
10 **to communications amongst border patrol agents attempting to arrest Mr. Vincent**.
11 This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and
12 United States v. Agurs, 427 U.S. 97 (1976);
13     (3)  all evidence, documents, records of judgments and convictions, photographs and
14 tangible evidence, and information pertaining to any prior arrests and convictions or prior
15 bad acts.  Mr. Vincent specifically requests any evidence demonstrating that he previously
16 evaded checkpoints or border patrol agents.  Evidence of prior record is available under Fed.
17 R. Crim. P. 16(a)(1)(B).  Evidence of prior similar acts is discoverable under Fed. R. Crim. P.
18 16(a)(1)© and Fed. R. Evid. 404(b) and 609;
19     (4)  all evidence seized as a result of any search, either warrantless or with a warrant,
20 in this case.  He also specifically requests copies of all photographs, videotapes or recordings
21 made in this case.  This is available under Fed. R. Crim. P. 16(a)(1)©;
22     (5)  all arrest reports, investigator's notes, memos from arresting officers, sworn
23 statements and prosecution reports pertaining to Mr. Vincent's arrest.   These are available
24 under Fed. R. Crim. P. 16(a)(1)(B) and ©, Fed. R. Crim. P. 26.2 and 12(I);
25     (6)  the personnel file of the interviewing agent(s) containing any complaints of
26 assaults, abuse of discretion and authority and/or false arrest.  Pitchess v. Superior Court, 11
27 Cal. 3d. 531, 539 (1974).  In addition, the defense requests that the prosecutor examine the
28

1  personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in
2  advance of trial.  United States v. Henthorne, 931 F.2d 29, 30-31(9th Cir. 1991).  If the
3  prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should
4  be submitted to the Court, in camera.  Id.  The prosecution should bear in mind that there
5  exists an affirmative duty on the part of the government to examine the files.  Id.;

6       (7) any and all statements made by any other uncharged co-conspirators. The defense
7  is entitled to this evidence because it is material to preparation for the defendant's case and
8  potentially Brady material.  Also, insofar as such statements may be introduced as
9  co-conspirator statements, they are discoverable. Fed. R. Crim. 16(a)(1)© and Brady.  This
10 evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United
11 States v. Agurs, 427 U.S. 97 (1976);

12       (8)  Mr. Vincent requests copies of any and all audio/video tape recordings made by
13 the agents in this case and any and all transcripts, including taped recordings of any
14 conversations of any of the agents involved in this case.  This evidence is available under
15 Fed. R. Crim. P. 16(a)(1)©;

16       (9)  Mr. Vincent specifically requests the name and last known address of each
17 prospective government witness.   See United States v. Napue, 834 F.2d 1311 (7th Cir.
18 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview
19 government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181
20 (9th Cir. 1979) (defense has equal right to talk to witnesses).

21       (10)  all other documents and tangible objects, including photographs, books, papers,
22 documents, photographs, or building or places or copies of portions thereof which are
23 material to Mr. Vincent's defense or intended for use in the government's case-in-chief or
24 were obtained from or belong to Mr. Vincent.  Mr. Vincent also requests access to all his
25 personal belongings seized, including his wallet, any clothes he was wearing at the time of
26 his arrest and any baggage he had with him. Rule 16(a)(1)©;

27       (11) all results or reports of scientific tests or experiments, or copies of which are
28

3

1  within the possession, control, or custody of the government or which are known or become
2  known to the attorney for the government, that are material to the preparation of the defense,
3  including the opinions, analysis and conclusions of experts consulted by law enforcement
4  including finger print specialists in the instant case.  These must be disclosed, once a request
5  is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro.
6  16(a)(1)(D).
7       (12)  any express or implicit promise, understanding, offer of immunity, of past,
8  present, or future compensation, agreement to execute a voluntary return rather than
9  deportation or any other kind of agreement or understanding between any prospective
10 government witness and the government (federal, state and local), including any implicit
11 understanding relating to criminal or civil income tax liability.  United States v. Shaffer, 789
12 F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United
13 States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987);
14      (13) any discussion with a potential witness about or advice concerning any
15 contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the
16 advice not followed.  Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that
17 witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright,
18 756 F.2d 1520, 1524 (11th Cir. 1985);
19      (14) any evidence that of any witnesses who were with Mr. Vincent at the time of his
20 arrest or information that any prospective government witness is biased or prejudiced against
21 the defendant, has a motive to falsify or distort his or her testimony or is prejudiced against
22 Mexican people.  Pennsylvania v. Ritchie, 480 S.Ct. 39 (1989); United States v. Strifler, 851
23 F.2d 1192 (9th Cir. 1988);
24      (15) any evidence that any prospective government witness has engaged in any
25 criminal act whether or not resulting in a conviction.  See Rule 608(b), Federal Rules of
26 Evidence and Brady;
27      (16) any evidence that any prospective witness is under investigation by federal, state
28

1 | or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.),
2 | cert. denied, 474 U.S. 945 (1985); and,

3 |     (17) any evidence, including any medical or psychiatric report or evaluation, tending
4 | to show that any prospective witness's ability to perceive, remember, communicate, or tell the
5 | truth is impaired; and any evidence that a witness has ever used narcotics or other controlled
6 | substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir.
7 | July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

8 |     (18) the name and last known address of every witness to the crime or crimes charged
9 | (or any of the overt acts committed in furtherance thereof) who will not be called as a
10 | government witness. Mr. Vincent specifically requests any notes, reports or recordings of any
11 | statements made by material witnesses who were released. United States v. Cadet, 727 F.2d
12 | 1469 (9th Cir. 1984);

13 |     (19) the name and last known address of each prospective government witness. See
14 | United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d
15 | 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective);
16 | United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to
17 | witnesses);

18 |     (20) the name of any witness who made an arguably favorable statement concerning
19 | the defendant or who could not identify him or who was unsure of his identity, or
20 | participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);
21 | Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164,
22 | 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

23 |     (21) Mr. Vincent requests a transcript of the grand jury testimony and rough notes of
24 | all witnesses expected to testify at the motion hearing or at trial. This evidence is
25 | discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested pursuant to

26 |     (22) Jencks Act Material. The defense requests all material to which defendant is
27 | entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial,
28

1  including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate
2  account of the witness' interview is sufficient for the report or notes to qualify as a statement
3  under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United
4  States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent
5  goes over interview notes with the subject of the interview the notes are then subject to the
6  Jencks Act.  The defense requests pre-trial production of Jencks material to expedite cross-
7  examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.  Mr.
8  Vincent specifically requests rough notes regarding the interview of Mr. Vincent, especially
9  if the notes reflect the time and place of those statements.  Mr. Vincent puts the government
10 on notice that he will seek rough notes of any and all testifying agents on the date set for the
11 motion hearing, and requests that the agent/witnesses be instructed to bring the notes to court.
12         **(23) Prior arrests**.  Federal Rule of Evidence 404(b) requires that the government
13 provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or
14 acts" it plans to introduce.  Fed. R. Evid. 404(b), 1991 Advisory Committee Notes.  Timely
15 notice of such evidence is also critical so that Mr. Vincent may adequately prepare his
16 defense.  The Court should exclude any evidence the Government will seek to introduce
17 under Rule 404(b) that has not been disclosed in discovery.
18         The discovery material makes reference to removal proceedings.  Because the
19 Government carries the burden of showing how any other acts evidence is relevant to one or
20 more issues in the case, "it must articulate precisely the evidential hypothesis by which a fact
21 of consequence may be inferred from the other acts evidence."  United States v.
22 Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (citing United States v. Hernandez-Miranda,
23 601 F.2d 1104, 1108 (9th Cir. 1979) (emphasis added); accord United States v. Brooke, 4
24 F.3d 1480, 1483 (9th Cir. 1993).  Because the Government has failed to articulate the precise
25 evidential hypothesis by which a fact of consequence will be shown by this evidence, this
26 evidence must be excluded under Fed. R. Evid. 401, 404(b).  Further, their admission would
27 be more prejudicial than probative, as they would make the jury more likely to convict Mr.
28

Vincent because it believes he has the propensity to commit crimes rather than because of the evidence presented at trial. This evidence must therefore by excluded under Fed. R. Evid. 403 as well. Mr. Vincent specifically requests government investigative reports regarding any other arrests for "smuggling," including events of transportation, harboring or any other conduct consider by the government to be involved with attempts to assist undocumented persons in any manner.

## III.
## LEAVE TO FILE FURTHER MOTIONS

Because the government had not produced all discoverable matters at the time that Mr. Vincent drafted these motions, Mr. Vincent requests that he be allowed time to file such additional pretrial motions as may become necessary.

## IV.
## CONCLUSION

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

Respectfully submitted,

Date: August 8, 2008           /S/Sylvia Baiz
                               **SYLVIA BAIZ**
                               Attorney for Mr. Vincent

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>           v.                              )<br>)<br>**ROBERT VINCENT**,                )<br>)<br>           Defendant.                   )<br>_____) | Criminal No.  08-CR-2201-DMS<br><br>PROOF OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, SYLVIA A. BAIZ, am a citizen of the United States and am at least eighteen years of age.  My business address is 964 Fifth Avenue, Suite 214, San Diego, California, 92101.

I am not a party to the above-entitled action.  I have caused service of the **(1) COMPEL DISCOVERY; (2) LEAVE TO FILE FURTHER MOTIONS.; STATEMENT OF FACTS AND MEMORANDUM IN SUPPORT OF DEFENDANTS MOTIONS** on the following parties by electronically filing the foregoing with the clerk of the District Court using its ECF System, which electronically notifies them.

Judge Jeffrey T. Miller   efile_sabraw@casd.uscourts.gov

Assistant United State Attorney Jeffrey.Moore@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 8, 2008.

           /s/   Sylvia A. Baiz
           SYLVIA A. BAIZ