```
 1  KAREN P. HEWITT
    United States Attorney
 2  JEFFREY D. MOORE
    Assistant United States Attorney
 3  California State Bar No. 240595
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-7171
    Email: Jeffrey.Moore@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case 08cr2201 DMS |
|---|---|---|
| Plaintiff, | ) ) | Honorable Dana M. Sabraw |
| | ) | Courtroom: 10 |
| v. | ) ) | Date: August 22, 2008 Time: 11:00 a.m. |
| | ) | |
| ROBERT VINCENT, | ) ) | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS** |
| Defendant. | ) ) | **TO:** |
| | ) ) | **1)    COMPEL DISCOVERY;** |
| | ) ) | **2)    AND GRANT LEAVE TO FILE FURTHER MOTIONS** |
| | ) ) ) | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND** |
| | ) ) | **AUTHORITIES; AND THE UNITED STATES' MOTION FOR:** |
| | ) ) | **(1) RECIPROCAL DISCOVERY** |
| _____ | ) | |

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, Jeffrey D. Moore, Assistant United States Attorney, and hereby files the attached memorandum of points and authorities in Response and Opposition to Defendant's

//

above-referenced motions and files its Motion for Reciprocal Discovery. This response is based upon the files and records of this case.

## I

## **STATEMENT OF THE CASE**

On July 8, 2008, Robert Vincent ("defendant") was arraigned on a three count Indictment charging him with Transportation of Illegal Aliens, in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii). On July 8, 2008, defendant entered a not guilty plea to the Indictment. A Motion Hearing/Trial Setting date was set for August 22, 2008.

## II

## **STATEMENT OF FACTS**

On or about June 21, 2008, Border Patrol Agent Golda was conducting primary inspection duties at the I-8 checkpoint near Pine Valley, California.[1] Around 5:40 p.m., a green Volvo sedan entered the primary inspection area with one visible occupant. The occupant was Robert Vincent ("defendant"). Defendant was visibly nervous and told Agent Golda that he was a U.S. citizen. Agent Golda also saw that the car was heavily laden but did not see any cargo in the rear area of the car. As a result, Agent Golda believed that the trunk might have contained illegal aliens. At that point, defendant was sent to secondary inspection.

Agent Munoz was working in secondary and began to speak to defendant. When asked his county of citizenship, defendant said that he was a U.S. citizen and added, "It's not my car." Defendant gave Agent Munoz permission to search the car. When Agent Munoz opened the trunk, he saw three people inside. Agent Munoz questioned the three people who all stated that they were Mexican citizens who recently crossed into the U.S. illegally. At the time, the temperature outside was 104 degrees with the asphalt temperature reaching 116 degrees. Agent Munoz noted that the three people that were concealed in the truck were drenched with sweat and mildly incoherent. Defendant was then arrested for alien smuggling.

---

[1] Statement of Facts taken from the investigative reports relating to the instant case.

At around 9:33 p.m. on July 21, 2008, defendant was advised of his Miranda rights. Defendant waived his rights and made a statement. Defendant stated that he borrowed the Volvo from a friend near the Golden Acorn Casino in Boulevard, California. Defendant then drove to the checkpoint but claimed that he did not know that there were people concealed in the car. However, defendant also admitted that he was out of work at the time and that he needed money.

The three smuggled aliens also made statements in regards to the case. All three admitted that they were Mexican citizens who crossed into the U.S. illegally. All three also admitted to paying $2000 to be smuggled into the United States.

### III

### POINTS AND AUTHORITIES

**A.    DEFENDANT'S MOTION TO COMPEL DISCOVERY**

To date, the Government has produced 76 pages of discovery to defendant. This discovery includes the reports of the arresting agents and defendant's criminal history rap sheets. In addition,1 audio CD has been discovered to defendant.

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward. To date, the Government has received no reciprocal discovery.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

The United States has provided information within its possession or control pertaining to the prior criminal history of defendant. If the Government intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to defendant. The

1  United States will produce any reports of experts that it intends to use in its case-in-chief at trial or
2  such reports as may be material to the preparation of the defense.
3       In sum, the Government has already produced charging documents, investigative reports, an
4  audio CD, prior deportation and conviction documents, and defendant's criminal history rap sheets.
5  To the extent defendant requests specific documents or types of documents, the Government will
6  continue to disclose any and all discovery required by the relevant discovery rules.  Accordingly, the
7  Government respectfully requests that no orders compelling specific discovery by the United States
8  be made at this time.
9  **B.     DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**
10       The Government does not object to the granting of leave to file further motions as long as the
11 further motions are based on newly discovered evidence or discovery provided by the Government
12 subsequent to the instant motion at issue.
13                                    **IV**
14 **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED.**
15 **A.     All Evidence That Defendant Intends To Introduce In His Case-In-Chief**
16       Since the Government will honor defendant's request for disclosure under Rule 16(a)(1)(E),
17 the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1),
18 requests that defendant permit the Government to inspect, copy and photograph any and all books,
19 papers, documents, photographs, tangible objects, or make copies or portions thereof, which are
20 within the possession, custody, or control of defendant and which defendant intends to introduce as
21 evidence in her case-in-chief at trial.
22       The Government further requests that it be permitted to inspect and copy or photograph any
23 results or reports of physical or mental examinations and of scientific tests or experiments made in
24 connection with this case, which are in the possession and control of defendant, which he intends to
25 introduce as evidence-in-chief at the trial, or which were prepared by a witness whom defendant
26 intends to call as a witness.  The Government also requests that the Court make such order as it
27 deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal
28 discovery to which it is entitled.

**B.     Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that defendant's motions be denied except where not opposed, and that the Court grand the United States' motions for reciprocal discovery and for fingerprint exemplars.

DATED: August 12, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


S/ Jeff Moore
JEFFREY D. MOORE
Assistant United States Attorney
Attorneys for Plaintiff
United States of America
Email: Jeffrey.Moore@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08cr2201 DMS |
| | ) |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| | ) |
| ROBERT VINCENT, | ) |
| Defendant. | ) |
| | ) |

IT IS HEREBY CERTIFIED THAT:

I, JEFFREY D. MOORE, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**
**1)    COMPEL DISCOVERY; AND**
**2)    GRANT LEAVE TO FILE FURTHER MOTIONS; ALONG WITH**
**the United States' Motions for Reciprocal Discovery.**
on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Sylvia Baiz

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2008            s/ Jeff Moore
                                       JEFFREY D. MOORE